UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY E. ROBINSON,

                               Plaintiff,                7:14-CV-0969
                                                                       (GTS/TWD)

v.

PURCELL CONSTR. CORP.,

                               Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

BOSMAN LAW OFFICE                       A.J. BOSMAN, ESQ.
  Counsel for Plaintiff
6599 Martin Street
Rome, NY 13440

NIXON PEABODY, LLP                      JOSEPH J. ORTEGO, ESQ.
  Counsel for Defendant                      THOMAS M. MEALIFFE, ESQ.
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753

GLENN T. SUDDABY, United States District Court

## **DECISION and ORDER**

      Currently before the Court, in this employment discrimination action filed by Mary E.

Robinson ("Plaintiff") against Purcell Construction Corporation ("Defendant"), is Defendant's

motion to dismiss this action for failure to state a claim (Dkt. No. 5), the briefing of which has

been suspended following Plaintiff's filing of an Amended Complaint (Dkt. No. 11). For the

following reasons, the briefing schedule is re-set.

I.  **RELEVANT BACKGROUND**

On August 11, 2014, Defendant filed a motion to dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 5.)

On September 2, 2014, Plaintiff filed a response to Defendant's motion. (Dkt. No. 10.)

That same day, Plaintiff separately filed an Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B). (Dkt. No. 11.)

On September 4, 2014 (the day before Defendant's reply to Plaintiff's response was due), the Court gave Defendant until September 12, 2014, by which to file a letter-brief advising the Court which (if any) portions of its motion to dismiss survive Plaintiff's Amended Complaint, and/or supplementing its motion to dismiss; and the Court gave Plaintiff until September 19, 2014, by which to file a responsive letter-brief (should Defendant file that letter-brief). (Text Order filed Sept. 4, 2014.)

On September 12, 2014, Defendant filed a letter-brief advising the Court that "Plaintiff changed her pleading only by adding a single sentence in paragraph 13 to the effect that 'Defendant's policy, custom, and/or practice is to call back its work force [sic] at the beginning of a new season without the need for re-application.'" (Dkt. No. 17, at 1.)[1] The remainder of Defendant's letter-brief contained argument as to why the new sentence in Paragraph 13 does not cure the asserted deficiencies in her original Complaint. (*Id*. at 1-3.)

On September 24, 2014 (after receiving an extension of time in which to do so), Plaintiff filed a responsive letter-brief arguing that "[t]he case law indicates that motions to dismiss

---

[1]  Subsequently, the Court's careful comparison of both pleadings confirmed the accuracy of this representation.

become moot upon the filing of an amended complaint." (Dkt. No. 20.) Rather than then explain why the new sentence in Paragraph 13 does not cure the asserted deficiencies in her original Complaint, Plaintiff's counsel complained that deeming Defendant's motion to dismiss still pending "would deprive plaintiff of the opportunity to respond." (*Id*.)

## II. GOVERNING LAW

An amended complaint does not render moot a motion to dismiss to the extent that the amended complaint suffers from the same defects as the original complaint. *See, e.g.*, 6 Charles Alan Wright, Arthur R. Miller & May Kay Kane, *Federal Practice & Procedure* § 1476, at 638 (3d ed.2010) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.").

District courts from within the Second Circuit have recognized this point of law, *see, e.g., Myers v. Township of Trumbull*, 03-CV-0373, 2004 WL 904088, at *1 (D. Conn. Apr. 25, 2004), as have district courts from across the country, *see, e.g., Dick v. Holder*, 13-CV-1060, 2014 WL 4450531, at *1, n.1 (D. D.C. Sept. 10, 2014); *Venable v. Pritzker*, 13-CV-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014); *Blue Tee Corp. v. XTRA Intermodel, Inc.*, 13-CV-0830, 2014 WL 2061590, at *1 (S.D. Ill. May 19, 2014); *Nguyen v. Hung Do*, 13-CV-2537, 2013 WL 6665722, at *1-2 (E.D. La. Dec. 16, 2013); *Rhodes v. Walgreen Co., Inc.*, 12-CV-3921, 2013 WL 3153737, at *3 (N.D. Ala. June 18, 2013); *U.S. ex rel. Paulos v. Stryker Corp.*, 11-CV-0041, 2013 WL 2666346, at *1 (W.D. Mo. June 12, 2013); *Rowland v. City of Memphis, Tenn.*, 13-

3

CV-2040, 2013 WL 2147457, at *1 (W.D. Tenn. May 15, 2013); *Thomas v. Carmeuse Lime & Stone, Inc.*, 12-CV-0413, 2012 WL 6566145, at *1, n.2 (W.D. Va. Dec. 17, 2012); *DeCasso v. City of Cleveland*, 11-CV-2644, 2012 WL 3552649, at *1 (N.D. Ohio Aug. 16, 2012).

III.   ANALYSIS

After carefully considering the matter, the Court finds that adding one sentence to Plaintiff's Complaint (which contained 31 paragraphs and three causes of action) does not moot Defendant's entire motion to dismiss (which asserted three alternative legal arguments for the dismissal of *all* of Plaintiff's causes of action). The Court notes that this finding avoids requiring Defendant to incur the needless cost of refiling its motion (in order to assert the exact same arguments), and avoids unnecessarily delaying the resolution of this proceeding by numerous months.

Because Defendant's letter-brief of September 12, 2014, presented three pages of argument as to why the new sentence in Paragraph 13 of Plaintiff's Amended Complaint does not cure the asserted deficiencies in her original Complaint, and because Plaintiff's counsel has argued that deeming Defendant's motion to dismiss still pending "would deprive plaintiff of the opportunity to respond" (Dkt. No. 20), the Court hereby gives Plaintiff until October 7, 2014, by which to file a letter-brief not to exceed three pages explaining why the new sentence in Paragraph 13 of her Amended Complaint *does* cure the asserted deficiencies in her original Complaint. Plaintiff's counsel is respectfully reminded that her letter-brief shall be limited to the aforementioned subject; the letter-brief may not supplement Plaintiff's response to Defendant's motion (i.e., Dkt. No. 10).

4

Finally, because Defendant has not yet had the opportunity to file a reply to Plaintiff's response to its motion to dismiss, Defendant is given until October 14, 2014, by which to do so.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff shall have until October 7, 2014, by which to file a letter-brief not to exceed three pages explaining why the new sentence in Paragraph 13 of her Amended Complaint *does* cure the asserted deficiencies in her original Complaint; and it is further

**ORDERED** that Defendant shall have until October 14, 2014, by which to file a reply to Plaintiff's response to its motion to dismiss.

Date: September 30, 2014
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge