UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY E. ROBINSON,

                     Plaintiff,                 Case No. 7:14-cv-969 (GTS/TWD)

v.

PURCELL CONSTRUCTION CORP.,

                     Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

BOSMAN LAW OFFICE                    A.J. BOSMAN, ESQ.
Counsel for Plaintiff
6599 Martin Street
Rome, NY 13440

NIXON PEABODY, LLP                   JOSEPH J. ORTEGO, ESQ.
Counsel for Defendant                   THOMAS M. MEALIFFE, ESQ.
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753

GLENN T. SUDDABY, Chief United States District Court

## **DECISION and ORDER**

Currently before the Court, in this employment discrimination action filed by Mary E. Robinson ("Plaintiff") against Purcell Construction Corporation ("Defendant"), are Defendant's motion to dismiss this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 11(b)(6) (Dkt. No. 5), and Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927 (Dkt. No. 15). For the reasons set forth below, Defendant's motion to dismiss is granted, and its motion for sanctions is denied.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims in This Action and the Procedural History of Her Prior Action

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite the allegations and claims asserted in Plaintiff's Complaint and Amended Complaint in this action, or the procedural history of her prior action against Defendant. *Robinson v. Purcell Constr. Corp.*, 09-CV-1209 (N.D.N.Y.). Rather, the Court will respectfully refer the reader to the Second Circuit's Mandate affirming the Judgment of this Court in that prior action, and note generally that Plaintiff's claims in this action arise from the events giving rise to the late-blossoming claim that Plaintiff unsuccessfully attempted to assert at trial in her prior action. *See Robinson v. Purcell Constr. Corp.*, No. 13-976-cv, Mandate, at 5-6 (2d Cir. filed June 16, 2015).

### B. Parties' Briefing on Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law-in-Chief

Generally, in its motion to dismiss for failure to state a claim, Defendant asserts three arguments. (Dkt. No. 5, Attach. 1 [Def.'s Memo. of Law].) First, Defendant argues, the doctrine of claim preclusion bars Plaintiff from asserting the claims in this action against Defendant because they are based on a common nucleus of operative facts as were the claims asserted in her fully litigated prior action against Defendant (a fact acknowledged by Plaintiff when she sought to amend her pleading in the prior action to assert the claims in this action). (*Id*.) In so doing, Defendant argues that Plaintiff's allegation that the "Defendant misled [her] in representing to her . . . that Plaintiff's lay-off was 'permanent'" does not allow her to avoid the effect of the

doctrine of claim preclusion, because any allegations of such misconduct in the prior action could have been raised in an appropriate challenge to that judgment, as recognized by the Second Circuit in *Bettis v. Kelly*, 137 F. App'x 381, 382 (2d Cir. 2005), and indeed were raised in an appeal in the prior action (which was rejected by the Second Circuit). (*Id.*)

Second, Defendant argues, in the alternative, the claims asserted in the Complaint are time barred by the 300-day deadline governing Title VII and ADA claims and the three-year deadline governing claims under the New York Human Rights Law, because Defendant's alleged retaliation occurred in or around August of 2008, and Plaintiff filed her Complaint in this action on April 2, 2014. (*Id.*) In so doing, Defendant argues that Plaintiff cannot rely on principles of equitable tolling or equitable estoppel to assert her time-barred claims, because (a) the doctrine of equitable estoppel applies only where the plaintiff has acted with reasonable diligence during the time period to be tolled and has proved that the circumstances are so extraordinary that the doctrine should apply (circumstances that have not been pled in this action), and (b) the doctrine of equitable tolling applies only in rare and exceptional circumstances in which the plaintiff is prevented in some extraordinary way from exercising her rights (circumstances that, again, have not been pled in this action). (*Id.*) Furthermore, Defendant argues that, given Plaintiff's adverse litigation position against Defendant and her stated belief that she had been discriminated against, she had both the motivation and ability to uncover whatever information necessary to fully investigate and test her claim that she had been *permanently* discharged. (*Id.*)

Third, Defendant argues, the Complaint fails to allege facts plausibly suggesting a claim upon which relief can be granted. (*Id.*) In so doing, Defendant argues that the Complaint's allegation that "Plaintiff's layoff [on August 4, 2008] was only temporary and that she would

3

have been recalled had it not been for her having instituted protected legal proceedings with the Division of Human Rights" is inconsistent with her allegation that Christina Schneider told her the layoff was permanent, and in any event is undermined by her failure to allege that she re-applied for an available position for which she was qualified. (*Id*.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in her opposition to Defendant's motion to dismiss, Plaintiff asserts four arguments. (Dkt. No. 10 [Plf.'s Opp'n Memo. of Law].) First, Plaintiff argues, the doctrine of claim preclusion does not apply because there is a distinction between the claims asserted in this action (which are based on Defendant's failure to recall or rehire her in retaliation for her filing a complaint with the New York Division of Human Rights on August 23, 2008) and the claims asserted in the prior action (which are based on Defendant's termination of her employment in retaliation for her filing her complaining of discrimination before August of 2008). (*Id*.) In doing so, Plaintiff argues that this Court is bound by its prior ruling that "the asserted legal violation happened weeks or months after plaintiff's alleged firing and involved a different alleged retaliatory animus than did the alleged firing," thus failing the transactional test for claim preclusion. (*Id*.) Furthermore, Plaintiff argues that the claims asserted in this action could not have been asserted in the prior action, because Defendant prevented Plaintiff from learning of the claims in this action (through the false statements of Christina Schneider on August 4, 2008) until the admissions of Defendant's officers (specifically, Christina Schneider and James Kingsley) at trial in February of 2013. (*Id*.)

Second, Plaintiff argues, her claims are not time barred, because the doctrine of equitable tolling relieves her of the rigor of the limitations period under the circumstances. (*Id*.) More

4

specifically, Plaintiff argues that Defendant made it impossible for her to discover the facts underlying her new claims until after the limitations period had expired through (a) the false statements of Christina Schneider on August 4, 2008, and (b) Defendant's continued reliance on its position in the prior action that Plaintiff's layoff was "permanent." (*Id*.) In so arguing, Plaintiff argues that the doctrine of judicial estoppel does not bar her new claims, because she did not prevail on her prior claims. (*Id*.)

Third, Plaintiff argues, she has alleged facts plausibly suggesting a claim upon which relief can be granted, because it is well settled that, when an employer employs seasonal workers, and lays off workers but states that it intends to re-hire laid-off workers, failing to re-hire a laid-off worker may be sufficient to establish for a claim of retaliation, without regard to whether the laid-off worker re-applied for employment. (*Id*.) In addition, Plaintiff argues that, in her Amended Complaint, she alleges that it is Defendant's policy, custom and/or practice to call back their work force at the beginning of a new season without the need to re-apply. (*Id*.)

Fourth, Plaintiff argues, she has the right to file an Amended Complaint without leave of the Court on September 2, 2014, because Fed. R. Civ. P. 15(a)(1) and 6(a),(d) gives a plaintiff 24 days, from the filing of a defendant's motion to dismiss for failure to state a claim, in which to file an amended complaint, and under the circumstances that deadline does not expire until September 4, 2014. (*Id*.)

### 3. Defendant's Reply Memorandum of Law

Generally, in its reply to Plaintiff's opposition, Defendant asserts three arguments. (Dkt. No. 28 [Def.'s Reply Memo. of Law].) First, Defendant argues, Plaintiff's argument regarding the doctrine of claim preclusion is fallacious for the following reasons: (a) she fails to refute the

5

fact that both this action and the prior action involve the same parties, the same separation from employment, and the same surrounding facts and circumstances; (b) she fails to address the point of law Defendant offered from *Bettis v. Kelly*, 137 F. App'x 381, 382 (2d Cir. 2005); and (c) she improperly relies on the grounds on which a prior decision was decided, which are not relevant to the doctrine of claim preclusion. (*Id.*)

Second, Defendant argues, Plaintiff's argument regarding equitable tolling is fallacious for the following reasons: (a) during the pendency of the prior action, she knew Defendant had reduced its workforce in 2008 (affecting approximately 60 employees); (b) she could have inferred from that fact that the termination was part of that reduction in Defendant's workforce; (c) nonetheless, she conspicuously chose to ignore that evidence and assert a claim that she had been *fired* on August 1, 2008, because that was a more advantageous litigation position (given that, if separation from employment is a seasonal event, it cannot form the basis of a retaliation claim); and (d) under the circumstances, equity does not favor Plaintiff's vexatious attempt to relitigate her previous claims. (*Id.*)

Third, Defendant argues, Plaintiff's argument regarding the plausibility of her factual allegations is fallacious for the following reasons: (a) Plaintiff's amendment to her Complaint (which consists merely of the addition of a sentence to Paragraph 13) fails to correct the pleading deficiency in her claims; (b) Plaintiff fails to distinguish the cases on which Defendant relies; (c) Plaintiff relies on cases that are clearly distinguishable; (d) Plaintiff's new claims, which contradict her prior claims, are barred by the doctrine of judicial estoppel (a doctrine that she raised in her opposition), because the Court adopted Plaintiff's representation that her separation from employment was a discharge rather than a foreseen layoff; and (e) Plaintiff's new claims are

6

also inconsistent with her prior representations before the Social Security Administration that her medical condition worsened such that she was not able to work after August 1, 2008 (representations that were adopted by the Social Security Administration and thus also trigger the doctrine of judicial estoppel). (*Id*.)

  B. **Parties' Briefing on Defendant's Motion for Sanctions**

    1. **Defendant's Memorandum of Law-in-Chief**

Generally, in its motion for sanctions, Defendant argues that the Court should sanction Plaintiff, under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, for frivolously filing a second action against Defendant without any good-faith support for her claims and legal contentions in existing law or any good-faith argument for reversing or changing existing law. (Dkt. No. 15, Attach. 1 [Def.'s Memo. of Law].) More specifically, Defendant argues that, as discussed more fully in its motion to dismiss for failure to state a claim, Plaintiff has (1) knowingly contradicted her own prior insistence that her termination was a permanent discharge in order to circumvent both the doctrine of claim preclusion and the applicable statutes of limitations, and (2) multiplied the proceedings unnecessarily by ignoring her full opportunity to contest, in her appeal, the Court's denial of leave to motion to add the current claims to the prior action. (*Id*.) As for the nature of the sanctions, Defendant argues that the Court should direct Plaintiff to pay Defendant its attorneys' fees and costs for defending against this duplicative action. (*Id*.)

    2. **Plaintiff's Opposition Memorandum of Law**

Generally, in her opposition to Defendant's motion for sanctions, Plaintiff asserts five arguments: (1) as an initial matter, Defendant's motion is moot because it was directed at Plaintiff's original Complaint, which has been superseded by her Amended Complaint; (2) in any

7

event, Defendant's motion improperly combines Fed. R. Civ. P. 11 motion with a 28 U.S.C. § 1927 motion; (3) moreover, Defendant's 28 U.S.C. § 1927 motion merely repeats its arguments, made in its motion to dismiss, that the Complaint "contradicts" Plaintiff's prior version of the facts, which is not accurate because the facts changed at trial, due to the inconsistent testimony of Defendant's agents; (4) furthermore, as set forth more fully in her response to Defendant's motion to dismiss, Defendant's arguments regarding the doctrine of claim preclusion, the applicable statutes of limitations, and Plaintiff's purported failure to state a claim are "legally and factually challengeable"; and (5) finally, Plaintiff's appeal to the Second Circuit in the prior action does not render the current action unnecessary, which is merely a "prudent decision to preserve the plaintiff's rights in the event the Circuit affirms this court's non-merits based decision, leaving no court to reach the merits of plaintiff's instant claims absent a new charge and action." (Dkt. No. 24 [Plf.'s Opp'n Memo. of Law].)

### 3. Defendant's Reply Memorandum of Law

Generally, in its reply to Plaintiff's opposition, Defendant asserts two arguments. (Dkt. No. 26 [Def.'s Reply Memo. of Law].) First, Defendant argues, the new sentence contained in Plaintiff's Amended Complaint does not save her from the imposition of sanctions, because the Amended Complaint does not correct the several pleading deficiencies of her original Complaint, many of which are substantive and not merely formal, but merely repeats those deficiencies. (*Id*.) Second, Defendant argues, Defendant is not precluded from moving under both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, because (a) the Second Circuit has considered a district court case in which a party moved for sanctions under Fed. R. Civ. P. 11 as well 28 U.S.C. § 1927, and has not barred the grant of sanctions merely on the ground that the request for sanctions was joined with

a request under 28 U.S.C. § 1927, and (b) indeed, one of the very cases that Plaintiff cites granted sanctions under both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. (*Id*.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Motion to Dismiss for Failure to State a Claim

Again, because this Decision and Order is intended primarily for the review of the parties, and because the parties have (in their memoranda of law) demonstrated an accurate understanding of the well-known legal standard governing a motion to dismiss for failure to state a claim, the Court will not repeat that legal standard. Instead, the Court will respectfully refer the parties to the Court's decision in *Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 297-300 (N.D.N.Y. 2013) (Suddaby, J.), which accurately recites that legal standard.

### B. Standard Governing Motion for Sanctions Under Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927

Rule 11(b)(2) of the Federal Rules of Civil Procedure provides in pertinent part that, by presenting a complaint to the court, the attorney signing or filing the complaint

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). Because the inquiry must be "reasonable under the circumstances," liability for Rule 11 violations "requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers." *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir.1997) (emphasis omitted); *accord, ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009).

Rule 11(c)(2) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] motion for sanctions must be made separately from any other motion . . . ." Fed. R. Civ. P. 11(c)(2). The 1993 Amendment to the Advisory Committee Notes explains that the rule's requirement that requests for sanctions be made as a separate motion means that such requests must be made by a motion that is "not simply included as an additional prayer for relief contained in another motion." Fed. R. Civ. P. 11, Advisory Committee Notes: 1993 Amendment.

Title 28, Section 1927 of the United States Code provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Imposition of sanctions under § 1927 requires a clear showing of bad faith." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986) (internal quotation marks omitted).

## III. ANALYSIS

### A. Analysis of Defendant's Motion to Dismiss

After carefully considering the matter, the Court grants Defendant's motion to dismiss for each and every reason stated by Defendant in its memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds only three brief points.

First, while consistency is not necessary under the circumstances, the Court finds that it is in fact entirely consistent for the Court in the prior action to have denied Plaintiff's trial motion to amend her pleading so as to assert the claims in question under Fed. R. Civ. P. 15(b)(1), and the Court in this action to find that the claim "could have been" asserted in the prior action for purposes of the doctrine of claim preclusion. The reasons that Plaintiff "could have" asserted the

claims in the prior action are two-fold: (1) based on the facts that she knew before trial,[1] or the facts that she reasonably should have known before trial,[2] she could have pled the claim (in her original Complaint or an Amended Complaint) that she was *laid off and not recalled* as a result of complaining of discrimination in the *alternative* to her claim that she was *fired* on August 1, 2008, for complaining of discrimination;[3] and (2) in any event, she could have persuaded the Court that there would have been no unfair prejudice to Defendant had the amendment at trial been allowed (e.g., due to facts within Defendant's possession, the discovery that occurred, and the possibility of a brief continuance to enable Defendant to meet the evidence, etc.). While ultimately Plaintiff did not persuade the Court of this last fact, the Court carefully considered her request, and the possibility for granting the request existed.

Second, Plaintiff's assertion that the above-described inconsistency exists is based on her

---

[1] For example, in her Amended Complaint in her prior action, Plaintiff alleged that, on August 1, 2008, she was expressly told that she was "done" at Purcell because "the brick washing [was] done" and she was unable "to get along with others." *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Am. Compl., ¶ 34 (N.D.N.Y. filed Aug. 7, 2010). This notion that her separation from Purcell was a "layoff" was reinforced by Defendant's briefing of its summary judgment motion in the prior action. *See, e.g., Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Def.'s Memo. of Law, at 5 (N.D.N.Y. filed March 4, 2011) (referring to what happened in early-August of 2008 as a "lay-off"). Moreover, Plaintiff alleged that, at the time of her separation from Purcell, "other jobs were available [to her] at Purcell." *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Am. Compl., ¶ 35 (N.D.N.Y. filed Aug. 7, 2010). She also alleged that, a mere 25 days after she was denied the chance to perform those other jobs at Purcell, she filed a charge with the New York State Division of Human Rights. (*Id*. at ¶ 6.) Based on these facts, Plaintiff could have attempted to assert her current claims in this action before trial in her prior action.

[2] For example, Plaintiff has not persuaded the Court that the questions she asked of Christina Schneider and James Kingsley at trial in the prior action (which led to their purportedly inculpatory answers) were also asked of them, or reasonably need not have been asked of them, at their depositions in that action.

[3] *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate one.").

mis-recollection of the Court's rulings in the prior action. Plaintiff argues that the Court's denial of her trial motion to amend her pleading was based on, *inter alia*, its finding that "the asserted legal violation happened weeks or months after plaintiff's alleged firing and involved a different alleged retaliatory animus than did the alleged firing . . . ." (Dkt. No. 10, at 8 [attaching page "6" of Plf.'s Opp'n Memo. of Law].) For the sake of brevity, the Court will not linger on the fact that Plaintiff's argument incorrectly implies that the Court found that the new claims arose from a separate transaction or occurrence as the claim that was being tried.[4] More important is that Plaintiff has simply misread the trial transcript. The Court's denial of Plaintiff's trial motion to amend her pleading was based not on a separate-transaction-or-occurrence rationale but on unfair prejudice to Defendant under Fed. R. Civ. P. 15(b)(1) due to (a) the fact that the new claims had not been fairly litigated and (b) the fact that the new claims were not supported by sufficient evidence.[5] What the passage quoted by Plaintiff in her opposition memorandum of law contains is the Court's rationale for denying Plaintiff's request to argue to the jury that Defendant's failure to rehire her because she filed a complaint against the company was evidence that her original layoff had been retaliatory.[6] Like Plaintiff's requests, the two rationales are related but distinct.

---

[4] In issuing the above-described oral ruling in the prior action, the Court deliberately did not use the words "transaction or occurrence."

[5] *See Robinson v. Purcell Constr. Corp.*, No. 13-976-cv, Mandate, at 6 (2d Cir. filed June 16, 2015) (finding that "the district court . . . refuse[d] to permit the jury to consider a claim that had not been fairly litigated, and for which there was insufficient evidence, because allowing Robinson to assert the claim would have been unfairly prejudicial to Purcell"); *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Transcript of Jury Trial Held on Feb. 8, 2013, at 89-92 (N.D.N.Y. filed June 6, 2014) (attaching pages "1146" through "1149" of the trial transcript).

[6] *See Robinson v. Purcell Constr. Corp.*, No. 13-976-cv, Mandate, at 6, n.3 (2d Cir. filed June 16, 2015) ("Robinson also argues that the district court should have allowed her to

Third, as an alternative ground for dismissal, the Court relies on the speculative nature of the allegation that (1) Plaintiff would "probably" have been hired back but for her filing of an administrative charge against Defendant, and (2) the reason Plaintiff was not hired back was that Defendant was "in litigation with her." (Dkt. No. 1, Attach. 1, at ¶¶ 13-15 [Plf.'s Compl.]; Dkt. No. 11, at ¶ 15 [Plf.'s Compl.].) Because Plaintiff expressly bases this allegation on the testimony adduced at the trial in the first action, the trial transcript in that action is incorporated by reference in, or is integral to, her Complaint and Amended Complaint in this action (or at the very least is a public record in a prior action, of which the Court may take judicial notice). *See, supra,* Part II.A. of this Decision and Order (citing case reciting legal standard governing current motion).

From that trial transcript, it is clear that one of the two witnesses who offered this testimony, James Kingsley, was not present when Plaintiff was let go, did not have any "input" into her being let go, was confused regarding whether she was laid off or terminated, and did not have any "say in who gets hired." *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Transcript of Jury Trial Held on Feb. 5, 2013, at 69, 99, 100 (N.D.N.Y. filed June 6, 2014) (attaching pages "325," "355," "356," of the trial transcript); *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Transcript of Jury Trial Held on Feb. 7, 2013, at 201, 202, 203, 204, 206 (N.D.N.Y. filed June 6,

---

argue to the jury that Purcell's failure to rehire her because she filed an SDHR complaint against the company was evidence that her original layoff had been retaliatory. The district court did not abuse its discretion in precluding that argument, however, because [it found that] 'the danger of unfair prejudice, confusion of the issues and/or misleading the jury' outweighed the relevance of any such incident, which 'happened weeks or months after [Robinson]'s alleged firing and involved a different alleged retaliatory animus than did the alleged firing' . . . ."); *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Transcript of Jury Trial Held on Feb. 11, 2013, at 61-62 (N.D.N.Y. filed June 6, 2014) (attaching pages "1274" and "1275" of the trial transcript).

2014) (attaching pages "997," "998," "999," "1000," and "1002" of the trial transcript). Similarly, it is clear that the other witness who offered this testimony, Christina Schneider, was not present when Plaintiff was let go on August 1, 2008, did not have the power to "reverse" the decision, did not have the power to "hire anybody," and never testified that Plaintiff "probably" would have been hired back but for the administrative charge against Defendant. *Robinson v. Purcell Constr. Corp.*, 09-CV-1209, Transcript of Jury Trial Held on Feb. 6, 2013, at 130, 137 (N.D.N.Y. filed June 6, 2014) (attaching pages "670" and "677" of the trial transcript). Simply stated, the lack of personal knowledge and/or involvement of these two witnesses regarding Plaintiff's separation of employment renders it implausible that Plaintiff–who herself admits she was let go in part because of her inability to "get along with others" (Dkt. No. 11, at ¶ 9)–would in fact have been "hired back" even if she had not filed an administrative charge against Defendant.

For all of these reasons, the Court grants Defendant's motion to dismiss.

**B.     Analysis of Defendant's Motion for Sanctions**

After carefully considering the matter, the Court must deny Defendant's motion for sanctions.

The Court agrees with Defendant that (a) its motion has not been mooted by the filing of Plaintiff's Amended Complaint, (b) its motion does not improperly combine a Fed. R. Civ. P. 11 motion with a 28 U.S.C. § 1927 motion, and (c) its 28 U.S.C. § 1927 motion inaccurately argues that Plaintiff's Complaint "contradicts" Plaintiff's prior version of the facts. What gives the Court pause, however, is whether there has been a showing of *objective unreasonableness* on the part Plaintiff's counsel.

While this question presents an extremely close call, the Court is unable to answer it in the affirmative. The Court reaches this conclusion for the fourth and fifth reasons offered in Plaintiff's opposition memorandum of law: (a) while ultimately successful, the three grounds for dismissal advanced in Defendant's motion to dismiss were "legally and factually challengeable," albeit barely; and (b) Plaintiff's filing of the current action in light of her appeal to the Second Circuit in the prior action appears to have been more one of "prudence" than one of vexatiousness (again, albeit barely), and would have been converted decidedly from the former to the latter if she had maintained the current action after succeeding in her appeal (which she did not do).

The Court hastens to add that it in no way accepts Plaintiff's argument that the Court's denial of her trial motion to amend her pleading in the prior action was not "on the merits" for purposes of the doctrine of claim preclusion. Rule 15 of the Federal Rules of Civil Procedure provides for the amendment of pleading at trial if, *inter alia*, "the evidence is not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1). Where a denial of a trial motion to amend a pleading is based in part on the lack of sufficient evidence supporting the proposed claims, the denial is, of course, "on the merits" for purposes of the doctrine of claim preclusion–just as the denial of a pre-trial motion to amend a pleading on the ground of futility would be "on the merits." *Carter v. City of New York*, 11-CV-0643, 2012 WL 1034914, at *3 (S.D.N.Y. March 23, 2012) ("A denial of leave to amend on grounds of futility, based on an evaluation that the new allegations could not survive a motion to dismiss, is a judgment on the merits."). Here, as explained above in Part III.A. of this Decision, the Court's denial of Plaintiff's trial motion to amend was based on unfair prejudice to Defendant due to not just

15

untimeliness (and thus the lack of fair litigation) but the fact that the new claims *were not supported by sufficient evidence. See, supra,* note 5 of this Decision. The Court notes that, where an amendment has not satisfied the threshold requirement of evidentiary support, the amendment would certainly contribute to the prejudice experienced by a defendant. The Court notes also that this "on the merits" rationale constitutes only one of numerous alternative grounds on which the dismissal of Plaintiff's Amended Complaint in this action is based.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 11(b)(6) (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927 (Dkt. No. 15) is **DENIED**.

Dated: September 22, 2015
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge